LAKEWOOD FIREMEN'S RELIEF AND PENSION FUND, Trustees, et, Plaintiffs-Appellants, v. COUNCIL OF THE CITY OF LAKEWOOD et, Defendants-Appellees.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24150. Decided July 16, 1957.

Henry J. Williams, for plaintiffs-appellants.
George E. Fedor, Director of Law, City of Lakewood, for defendants-appellees.

500

(HUNSICKER, PJ, DOYLE, J, of the Ninth District; GRIFFITH, J, of the Seventh District, sitting by designation in the Eighth District.)

## OPINION

By HUNSICKER, PJ.

This is an appeal on questions of law from a judgment awarded to the appellees, Council of the City of Lakewood, and others.

An action for a declaratory judgment was filed by the trustees of the Lakewood Firemen's Relief and Pension Fund, the trustees of the Lakewood Police Relief and Pension Fund, and certain contributor pensioners of such funds, against the members of the city council of Lakewood and the city of Lakewood, Ohio.

In this action, a declaration was sought to interpret the pension laws of the state of Ohio in such a way as to make it mandatory upon the city of Lakewood to appropriate sufficient money from its general fund to pay the past due and current pension awards made by the trustees of the two pension funds to those entitled to receive such monies.

The trial court refused to so interpret the law and dismissed the petition for a declaratory judgment. Thereafter, an appeal was lodged in this court.

The parties stipulated nearly all of the facts. These stipulations, plus a small amount of additional evidence by way of exhibits, constitutes the record before us.

The parties, in stipulation number 14, state the question before this court as follows:

"That the sole issue in this case is the construction and interpretation of **paragraph 2** of §741.09 and **paragraph 4** of §741.40 R. C., as to whether the provisions thereof impose a duty upon the legislative authority, or whether it is optional with the legislative authority to appropriate from the general fund sufficient money to meet current relief and pension payments."

Appellants point out that the Revised Code (in §741.02 for the firemen, and in §741.32 for the policemen), provides that in this municipal corporation "there shall be established and maintained" a relief and pension fund for the employees of these departments. They then assert that these provisions of §§741.09 and 741.40 R. C., make it a mandatory duty of the council of Lakewood to appropriate each year, out of the general fund of the city, sufficient funds to meet the current relief and pension payments.

The appellants insist that the word "may" in these sections (§§741.09 and 741.40 R. C.), must be read "shall," and the phrase "established and maintained" found in §741.02 R. C., and §741.32 R. C., must be interpreted to mean that the city of Lakedood is required to keep its pension

funds in such amount that all those on the pension rolls will be paid their full pension award each month as it becomes due.

We sympathize with those persons who, after contributing for many years to a pension fund with the expectation of receiving their full award at the time set each month, find that they cannot be certain when and how much they will receive.

We cannot agree, however, with the claims of the appellants. Our interpretation of the words and phrases in dispute herein leads us to the conclusion that there is no mandatory duty on the council of the city of Lakewood to appropriate from the general funds of the city to either the firemen's relief and pension fund, or the police relief and pension fund, any monies to meet the pension payments.

The council of the city of Lakewood cannot be expected to impoverish other city functions to meet the pension payments.

We believe it was with this thought in mind that the word "may" was used in the statute so as to permit, and hence not require, appropriations out of the general funds of a municipality to these two pension and relief groups.

The judgment of the trial court must be affirmed.

DOYLE and GRIFFITH, JJ, concur.